Harry BERENTER, Appellant,

v.

Virgil BROWN, Appellee.

No. 2991.

Municipal Court of Appeals for the District of Columbia.

Argued May 14, 1962.

Decided May 25, 1962.

Ruffin A. Brantley, Washington, D. C., for appellant.

Robert L. Ellis, Arlington, Va., with whom Anthony J. Siciliano and John J. Daly, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

PER CURIAM.

This is an appeal by a contractor from a judgment adverse to his claim for a balance allegedly due for materials and labor in remodeling appellee's house. Trial was had before the judge sitting without a jury.

At the conclusion of all the testimony, the trial judge ruled in favor of the home owner holding that "a careful consideration of the entire record indicates that there was never a precise meeting of the minds in this case;" that there was evidence that some of the work had not been completed; that there was no competent evidence to establish the actual costs; and that appellant had not proved his case by a preponderance of the evidence.

The record, comprising principally the testimony of the two parties, contains contradictory and inconsistent statements respecting items of work to have been done and actually completed and is devoid of accurate cost figures for materials and labor. There appears to have been no written contract covering the work to be done and the charges therefor, and the testimony does not clearly reveal the oral understanding and agreement of the parties. Although appellant and appellee did mutually approve two original estimates orally, appellee's payments exceeded the amounts thereof. The parties were in almost complete disagreement on the identification of extra work items and the payment to be made for this additional work.

Under the circumstances, we find no reversible error in the finding that the appellant had failed to carry the burden of proving his right to recover from appellee. The judgment is therefore

Affirmed.